In the Matter of GLORIA VEGA, as Mother and Natural Guardian of DULCETTE VEGA, an Infant, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.—Order, Supreme Court, Bronx County, entered April 5, 1977, granting plaintiff's motion to compel acceptance of a late notice of claim, unanimously reversed, on the law, and the application denied, without costs or disbursements. The infant plaintiff was born in November, 1963 and is suffering from permanent brain damage allegedly resulting from defendant's negligence at the time of her birth. Plaintiff first attempted to file a late notice of claim in November, 1976 by making an application at Special Term to compel the defendant to accept late notice. Plaintiff offered as excuse for delay in filing the infancy and disability of the infant plaintiff. Special Term granted the motion, relying on the recent amendment to section 50-e of the General Municipal Law, under which filing of a late notice of claim is permitted within the time limited for the commencement of an action by the claimant. In this case, it is claimed that

infancy would have tolled the time within which the action should have been commenced. We would reverse and deny the application. The cause of action in this case accrued in 1963. The Court of Appeals has recently interpreted the amendment to section 50-e of the General Municipal Law and held that claims accruing more than one year prior to the effective date of the amendment would not be revived. The basis for this holding was that the prior statute had a one-year limitation within which to file a late notice of claim, and allowing greater retroactivity would permit claims of infants having a genesis in events over 18 years ago to file claims. To open the door retroactively to these old claims would be to expose municipalities to claims against which defenses would be unpreparable (*Matter of Beary v City of Rye,* 44 NY2d 398, 413-414). The claim in the case at bar having accrued in 1963 is therefore not susceptible of judicial resurrection even under the amendment to section 50-e, and the motion to file a late notice of claim must be denied. Concur—Murphy, P. J., Fein, Lane and Sullivan, JJ.